IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GULED ABDI ISMAEL,<br><br>        Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security, et al.,<br><br>        Respondent. | 8:26-CV-340<br><br>MEMORANDUM AND ORDER GRANTING WRIT OF HABEAS CORPUS |

The *pro se* petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He asserts his detention is unlawful because he has been in detention for approximately 210 days and has not received an individualized hearing. Filing 1 at 7. The Court will grant the petition.

BACKGROUND

The petitioner is a citizen of Ethiopia who entered the United States near Calexico, California, in November 2022. Filing 8 at 3. He was briefly detained and released from custody on an Order of Release on Recognizance, the paperwork for which the government did not provide. *See* filing 8 at 3. He was served with a Notice to Appear in December 2022, which the government also did not provide. *See id.* He also filed a claim for asylum.

An immigration judge ordered the petitioner removed to Ethiopia in June 2024, in California. He appealed, and was still subject to his Order of Release on Recognizance. The petitioner's appeal was denied in February 2026, and, at that point, his order of removal became final. *See* filing 8-1 at 3.

The petitioner has been in ICE detention since December 8, 2025, when he unsuccessfully tried to enter Canada. Canada returned the petitioner to the United States under the Safe Third Country Agreement and he was arrested by ICE. Filing 8 at 4.

The government "submitted a travel document request packet" for the petitioner to Enforcement and Removal Operations (ERO) in March, and ERO submitted a travel document request to the Ethiopian Embassy in May. Filing 8 at 4. The petitioner received a Notice of Interview with the Ethiopian Embassy, but no interview is scheduled, and there is no timeline for the petitioner's removal. Filing 8 at 4.

## DISCUSSION

If a noncitizen has been detained more than six months, and if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the detention is unreasonable unless the government provides sufficient evidence rebutting that showing. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Not every noncitizen must be released after six months; a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of his removal in the reasonably foreseeable future." *Id.*

The government concedes that the petitioner has been detained longer than the presumptively valid six-month period. Filing 6 at 8. It asserts that the petitioner has not met his initial burden under *Zadvydas* and, even if he had, the government's evidence is sufficient to show the petitioner's removal is likely to occur in the reasonably foreseeable future. *Id.*

The petitioner's prolonged detention, and the little progress that has been made to effect his removal, is sufficient to meet the petitioner's initial burden of showing there is no *significant* likelihood of removal in the reasonably foreseeable

future. *See Edin v. Blanche,* No. 26-cv-1208, 2026 WL 1256141, at *4 (W.D. Wa. May 7, 2026).

The government's witness asserts the petitioner was served with a "Notice of Interview with the Ethiopian Embassy," but the witness was "unable to review" that letter. *See* filing 8 at 4. The government did not provide that letter to the Court. While the government has purportedly begun the process, it has not acquired travel documents, nor has it provided any timeline for the petitioner's removal, other than baldly asserting that an interview will probably happen within the next month. *See* filing 8 at 4. The government has not said how soon travel documents will be acquired after that, but it could take several months. *See Edin,* 2026 WL 1256141, at *4.

Unadorned assertions from the government that it will receive travel documents "soon" or "in the next weeks" does not make removal reasonably foreseeable. *E.g., id.*; *Asmerom v. Martinez,* No. 4:26-cv-793, 2026 WL 1707195, at *4 (S.D. Tex. June 11, 2026); *Salad v. Dep't of Corrs.,* 769 F. Supp. 3d 913, 933-34 (D. Ak. 2025); *see also Nguyen v. Bown,* No. 25-cv-1560, 2026 WL 1179066, at *5 n.5 (W.D. La. Apr. 14, 2026) (collecting cases). That noncitizens "typically" receive an interview "within 30 days" of receiving a letter, filing 8 at 4, is not indicative that *this* petitioner's interview is imminent, nor that travel documents are sure to follow.

Based on the record before the Court, there is not a significant likelihood that the petitioner will be removed to Ethiopia in the reasonably foreseeable future. Accordingly,

IT IS ORDERED:

1.    The Petition for Writ of Habeas Corpus (filing 1) is granted.

3

2.    The government shall immediately release the petitioner from custody with no new conditions, and shall return any personal property seized from the petitioner when detained.

3.    No later than **July 30, 2026**, the government shall file a status report certifying compliance with this Order.

Dated this 23rd day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge